IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. FLYNN, ) ) Plaintiff, ) ) vs. ) ) MICHAEL J. ASTRUE, ) COMMISSIONER OF SOCIAL SECURITY, ) ) Defendant. ) | Civil Action No. 09-244-E |

ORDER

AND NOW, this 9th day of September, 2010, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff challenges the determination of the Administrative Law Judge ("ALJ") that he is not disabled, arguing that substantial evidence does not support the ALJ's determinations at Steps 2, 4 and 5 of the sequential evaluation process. See 20 C.F.R. § 404.1520.

First, Plaintiff argues that ALJ erred by failing to conclude that his seizure disorder constituted a severe impairment. To the contrary, substantial evidence supports the ALJ's conclusion that Plaintiff had no severe mental impairment. Transcript ("Tr.") at 69-70. Indeed, as the ALJ noted, Plaintiff's seizure disorder responded to medication and, furthermore, he had not seen a specialist by the date of Plaintiff's hearing before the ALJ. Tr. 48, 69-70. In addition, a sentence six remand is not appropriate with regard to Dr. Rezek's report. Tr. 584-86; see 42 U.S.C. § 405(g); Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Dr. Reszek's report was not submitted to the ALJ before he issued his decision, and Plaintiff cannot show "good cause" for this failure. Szubak v. Sec'y of Health & Human Serv., 745 F.2d 831, 833 (3d Cir. 1984). Furthermore, this report is not "material" because it would not have changed the ALJ's decision.

Second, Plaintiff argues that the ALJ improperly evaluated the opinion of his treating physician, Dr. Tipton. As a preliminary matter, the question of whether a person is disabled is a legal one that is reserved to the Commissioner of Social Security. 20 C.F.R. § 404.1527(d)(2). Nevertheless, as the Third Circuit has specifically recognized, the opinion of the plaintiff's treating physician is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing 20 C.F.R. § 404.1527). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. Plummer, 186 F.3d at 429.

The Court finds that, in giving it "some weight," the ALJ properly evaluated Dr. Tipton's opinion. Tr. 71-75. First, Dr. Tipton completed an RFC questionnaire containing severe limitations that were not supported by any treatment or progress notes of Dr. Tipton. Tr. 349-53. Second, these limitations were inconsistent with the objective medical evidence, as found in the opinions of consultative examiners, Dr. Popesco and Dr. Craig, as well as the opinions of several other physicians. Tr. 308-21; 322-28; 453; 539-40; 563. Third, the evidence of Plaintiff's daily activities and the medium to heavy part-time work he performed is inconsistent with Dr. Tipton's opinion. Tr. 51-53; 57; 102-11; 127-28; 130; 324; 443; 451; 530-34.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record